UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIRASOL CLUB & ASSOCIATION, INC.,
a Florida corporation,

    Plaintiff,

v.

LANG REALTY, INC.,
a Florida corporation, and
CAROL FALCIANO,
an individual,

    Defendants.
_____/

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN,
TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff, MIRASOL CLUB & ASSOCIATION, INC. ("Mirasol") sues Defendants, LANG REALTY, INC. ("Lang Realty") and CAROL FALCIANO ("Falciano"), for False Designation of Origin under the Lanham Act, trademark infringement under the Florida Registration and Protection of Trademarks Act, and common-law unfair competition, and complains as follows:

**JURISDICTION AND VENUE**

1.    This is an action for False Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under the Florida Registration and Protection of Trademarks Act, Fla. Stat. § 495.001, et seq., and common-law unfair competition pursuant to Fla. Stat. § 2.01.

2.    This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a & b) and 28 U.S.C. § 1367(a).

1

3. This court has personal jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(1)(a) and (2). Defendant Lang Realty conducts business and has an office in the Southern District of Florida. Defendant Falciano is a citizen of this state and domiciled within this District. Further, Defendants have conducted their unauthorized use of a trademark confusingly similar to Mirasol's trademark and other acts of unfair competition in connection with their realty services throughout this District.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b-d), because Defendants are each subject to personal jurisdiction in this District and have committed acts of false designation of origin, trademark infringement and unfair competition in this District, and because as substantial part of the events giving rise to this claim for False Designation of Origin, trademark infringement and unfair competition occurred within this District.

## THE PARTIES

5. Plaintiff Mirasol is a Florida corporation having its principal place of business at 11600 Mirasol Way, Palm Beach Gardens, Florida. Mirasol conducts and/or manages all facets of the development and operation of the Mirasol residential community located in Palm Beach Gardens including, without limitation, providing real estate services in connection with the sale or leasing of real estate located within the community.

6. Defendant Lang Realty is a Florida corporation having its principal place of business at 2901 Clint Moore Road, Suite 9, Boca Raton, Florida, as well as an office at 6271 PGA Boulevard, Suite 200, Palm Beach Gardens, Florida. Lang Realty is in the business of providing real estate services in connection with the sale or leasing of real estate throughout South Florida.

7.     Defendant Falciano is an individual residing in Palm Beach Gardens, Florida. Upon information and belief, Falciano has been employed by Lang Realty as a Real Estate Associate since 2004, and currently works out of the Lang Realty office at 6271 PGA Boulevard in Palm Beach Gardens, Florida.

**BACKGROUND**

8.     Mirasol is the owner of all right, title and interest in and to the trademark "Mirasol", which has been used since 1995 in connection with all facets of the development and operation of the "Mirasol" residential community located in Palm Beach Gardens including, without limitation, providing real estate services in connection with the sale and leasing of real estate located within the community.

9.     The "Mirasol" trademark has been used in both interstate and intrastate commerce since 1995. Mirasol has spent and continues to spend substantial money and effort promoting and advertising its mark and services rendered thereunder. As a result of such advertising and the reputation of Mirasol's services, the mark has obtained substantial goodwill among consumers. The mark has come to be recognized as indicative of a high-end, upscale residential and golfing community situated between the "PGA Boulevard" exits of Florida's Turnpike and the Bee Line Highway in Palm Beach Gardens. A significant portion of residents of the Mirasol community are "snowbirds" from out of state, and the Country Club at Mirasol has hosted the Honda Classic golf tournament on multiple occasions.

10.    In addition to acquiring federal trademark rights through its longstanding use of the "Mirasol" mark for, *inter alia*, real estate services in interstate commerce, Mirasol is the owner of Florida Trademark Registrations for the mark in connection with real estate services. Mirasol is the owner of Florida Trademark Registration No. T10000000845 for "Mirasol" ("the

Florida '845 Registration"), as well as Florida Trademark Registration No. T10000000847 for "Mirasol & Design of the Word 'Mirasol' with Nine Small Triangles Arched above the Word extending from the Letter 'i' to the Letter 's'" ("the Florida '847 Registration"), in connection with real estate services, advertising and construction. Copies of the Florida '845 and '847 Registrations are attached as Exhibits "A" and "B" hereto.

11. Mirasol is also the owner of Florida Trademark Registrations with respect to amenities, entertainment, golf, tennis, fitness, recreation and food services. These Florida Registrations include Registration No. T10000000846 for "Mirasol" and Registration No. T10000000848 for "Mirasol & Design of the Word 'Mirasol' with Nine Small Triangles Arched above the Word extending from the Letter 'i' to the Letter 's'" for such services.

12. Mirasol has granted a license to its wholly owned subsidiary Mirasol Realty, LLC to use the "Mirasol" trademark for real estate services for homes within the Mirasol community. No other licenses, sublicenses or authorizations have been granted to use the mark for real estate services.

13. On May 28, 2013, Defendant Falciano registered the internet domain mirasolpalmbeach.com. A copy of the WHOIS search results for this domain is attached as Exhibit "C" hereto. Falciano uses the website located at this domain to promote her real estate services as a realtor for Defendant Lang Realty. The site not only allows the user to search for properties located within the Mirasol community, but also throughout South Florida. A screen shot of the site is attached as Exhibit "D" hereto.

14. Defendant Lang Realty registered the internet domain langrealty.com in 1996. Upon information and belief, Lang Realty has continuously used the website located at this domain to promote its real estate services in connection with homes located throughout the State

4

of Florida. As shown in the screen shots attached as Composite Exhibit "E" hereto, users can search for properties located within the Mirasol community, as well as properties listed with Defendant Falciano, on this website.

15. On August 26, 2013, Mirasol's Director of Membership Services met in person with Falciano to discuss the infringing internet domain. During this meeting, Falciano confirmed that she would comply with Mirasol's demand to cease use of the infringing domain, but wanted to ensure Mirasol was consistently enforcing its rights against other internet domains. Despite Mirasol's consistent acts of enforcement, Falciano has not complied with Mirasol's demand.

16. On November 5, 2013, Mirasol sent a letter to Lang Realty demanding that it cease and desist from using the mirasolpalmbeach.com domain established by Falciano, as well as the domain mirasolrentals.com, to promote its real estate services. A copy of this letter is attached as Exhibit "F" hereto.

17. The parties exchanged correspondence through counsel over the several months that followed. Copies of this correspondence are attached as Composite Exhibit "G" hereto. Defendants responded to Mirasol's demand by claiming that the use of the "Mirasol" mark in their internet domains constituted fair use.

18. On August 13, 2015, Mirasol sent a follow-up letter to Defendants' counsel, reiterating its demand and explaining that the continuing use of the mirasolpalmbeach.com domain is beyond the bounds of fair use and remains an infringement of Mirasol's rights. The mirasolrentals.com domain appears to have expired. A copy of this correspondence is attached as Exhibit "H" hereto. Mirasol received no response to this correspondence, despite having confirmation of its delivery.

19. On July 20, 2015 Falciano filed an application to obtain a federal trademark registration protecting "mirasolpalmbeach.com" as a trademark, and identifying herself as owner of the mark. A copy of the Trademark Office record for this application is attached as Composite Exhibit "I" hereto.

20. Falciano filed the federal trademark application in bad faith. Despite having clear notice of Mirasol's prior claim of trademark rights, and Defendants' claim that their use of the mirasolpalmbeach.com domain constituted fair use in response thereto, Falciano filed the federal trademark application and declared, under penalty of fine and/or imprisonment for willful false statements under 18 U.S.C. § 1001, that "to the best of [Falciano's] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

21. Upon information and belief, Falciano's filing of the federal trademark application was conducted with the knowledge and consent of Lang Realty.

22. Defendants have no need to use an internet domain incorporating Mirasol's trademark, or otherwise use Mirasol's trademark in a manner likely to cause confusion, mistake or deception as to Defendants' affiliation, connection or association with Mirasol, or as to the origin, sponsorship or approval of Defendants' products, services or commercial activities, in rendering their real estate services in connection with properties located within the Mirasol community, yet willfully continue to do so in derogation of Mirasol's rights.

23. Defendants' acts of false designation of origin, trademark infringement and unfair competition complained of herein have damaged Mirasol, in an amount the full extent of which is not yet ascertained.

24. Mirasol has no adequate remedy at law against Defendants' acts of false designation of origin, trademark infringement and unfair competition complained of herein, and will continue to suffer irreparable harm unless Defendants are enjoined by this Court from further acts of infringement.

25. Defendants' acts of false designation of origin, trademark infringement and unfair competition complained of herein have been willful, warranting the assessment of increased damages and/or the award of reasonable attorney fees pursuant to 15 U.S.C. § 1117, Fla. Stat. § 495.141 and the Court's applicable discretion.

## COUNT I
## FALSE DESIGNATION OF ORIGIN

26. This Count alleges false designation of origin against Defendants, pursuant to 15 U.S.C. § 1125(a). Mirasol repeats and realleges Paragraphs 1-25 above.

27. Since prior to the actions of Defendants alleged herein, Mirasol has established trademark rights in its "Mirasol" mark, and variations thereof, as a result of its adoption and continuous use thereof in interstate commerce.

28. Defendants' use of the mirasolpalmbeach.com internet domain in connection with real estate services is likely to cause confusion, mistake or deception as to Defendants' affiliation, connection or association with Mirasol, or as to the origin, sponsorship or approval of Defendants' products, services or commercial activities.

29. Defendants' unauthorized use of the "Mirasol" mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

7

30. As a result of Defendants' marketing of real estate services bearing a false designation of origin, Mirasol has suffered damages in an amount to be determined at trial.

31. As a result of Defendants' marketing of real estate services bearing a false designation of origin, Mirasol has suffered irreparable injury to its business, reputation and goodwill. Mirasol will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

## COUNT II
## TRADEMARK INFRINGEMENT - FLORIDA LAW

32. This Count alleges trademark infringement against Defendants, pursuant to Fla. Stat. § 495.131. Mirasol repeats and realleges Paragraphs 1-25 above.

33. Since prior to the actions of Defendants alleged herein, Mirasol has established trademark rights and obtained the Florida '845 and '847 Registrations for its "Mirasol" mark, and variations thereof, as a result of its adoption and continuous use thereof in the State of Florida.

34. Defendants' use of the mirasolpalmbeach.com internet domain in connection with real estate services is likely to cause confusion, mistake or deception as to Defendants' affiliation, connection or association with Mirasol, or as to the origin, sponsorship or approval of Defendants' products, services or commercial activities.

35. Defendants' unauthorized use of the "Mirasol" mark constitutes trademark infringement in violation of Fla. Stat. § 495.131.

36. As a result of Defendants' marketing of real estate services bearing an infringing trademark, Mirasol has suffered damages in an amount to be determined at trial.

37. As a result of Defendants' marketing of real estate services bearing an infringing trademark, Mirasol has suffered irreparable injury to its business, reputation and goodwill.

8

Mirasol will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

## COUNT III
## UNFAIR COMPETITION – FLORIDA LAW

38. This Count alleges unfair competition against Defendants under the common law of Florida, pursuant to Fla. Stat. § 2.01. Mirasol repeats and realleges Paragraphs 1-25 above.

39. Mirasol is in direct competition with Defendants in connection with real estate services by virtue of, *inter alia*, having granted a license to its wholly owned subsidiary Mirasol Realty, LLC, as referenced in Paragraph 12 above.

40. Defendants' conduct described herein constitutes Unfair Competition under Florida law.

41. As a result of Defendants' acts of unfair competition, Mirasol has suffered damages in an amount to be determined at trial.

42. As a result of Defendants' acts of unfair competition, Mirasol has suffered irreparable injury to its business, reputation and goodwill. Mirasol will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

## DEMAND FOR JURY TRIAL

Mirasol requests that all issues in this case be tried to a jury.

WHEREFORE, Mirasol prays that this Court:

A. Enter judgment against Defendants for false designation of origin under the Lanham Act via Defendants' use of the MIRASOLPALMBEACH.COM domain and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all others in active concert and participation with them, individually and collectively, from (a) using in any manner the "MIRASOL" mark or any other mark that is

confusingly similar thereto; and (b) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Mirasol and Defendants or between the parties' respective products, services or commercial activities;

B. Enter judgment against Defendants for trademark infringement under the Florida Registration and Protection of Trademarks Act via Defendants' use of the MIRASOLPALMBEACH.COM domain and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all others in active concert and participation with them, individually and collectively, from (a) using in any manner the "MIRASOL" mark or any other mark that is confusingly similar thereto; and (b) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Mirasol and Defendants or between the parties' respective products, services or commercial activities;

C. Enter judgment against Defendants for common-law unfair competition under Florida common law via Defendants' use of the MIRASOLPALMBEACH.COM domain and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all others in active concert and participation with them, individually and collectively, from (a) using in any manner the "MIRASOL" mark or any other mark that is confusingly similar thereto; and (b) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Mirasol and Defendants or between the parties' respective products, services or commercial activities;

D. Enter judgment that Defendants account for and disgorge to Mirasol all of the profits realized by Defendants, or other persons or entities acting in concert or participating with

Defendants, resulting from Defendants' acts of false designation of origin and trademark infringement;

E. Enter judgment for Mirasol to receive an accounting for damages arising from Defendants' acts of false designation of origin, trademark infringement and unfair competition;

F. Enter judgment against Defendants for Mirasol's damages arising from Defendants' acts of false designation of origin, trademark infringement and unfair competition;

G. Enter judgment ordering Defendants, pursuant to 15 U.S.C. § 1118 and/or Fla. Stat. § 495.141, to deliver up for destruction all items bearing any trademark that is confusingly similar to the "MIRASOL" mark;

H. Enter judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Mirasol within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

I. Enter judgment that Defendants' acts of false designation of origin and trademark infringement were willful, awarding Mirasol treble damages or profits and an award of attorney fees and the costs of this action, pursuant to 15 U.S.C. § 1117(a) and/or Fla. Stat. § 495.141; and

J. Enter judgment granting Mirasol such other relief as this Court deems appropriate.

Dated: September 3, 2015

Respectfully submitted,

s/ Brian M. Taillon
Edward F. McHale (Florida Bar No. 190300)
Brian M. Taillon (Florida Bar No. 678635)
Kenneth W. Cohen (Florida Bar No. 030185)
Andrew D. Lockton (Florida Bar No. 115519)
McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:    (561) 625-6575
Facsimile:    (561) 625-6572
E-mail:       litigation@mchaleslavin.com

*Attorneys for Plaintiff*